UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

APTICKASIC HAWPETOSS,

                          Plaintiff,

         v.                                                    Case No. 21-cv-0320-bhl

ANTONIO ESCALANTE, et al.,

                          Defendants.

## DECISION AND ORDER

Plaintiff Aptickasic Hawpetoss is representing himself in this 42 U.S.C. §1983 case. He is proceeding on Fourth Amendment claims based on assertions that Defendants used excessive force while arresting him. On November 1, 2021, Hawpetoss filed a motion to appoint counsel, which the Court denied without prejudice about a week later. Dkt. Nos. 36, 38. The Court explained that, while his claims are serious, they also are straightforward and will largely turn on his memory of what happened. The Court also noted that Hawpetoss' filings have been clear and easy to understand and that the allegations in his complaint are thorough, demonstrating he is able to remember and communicate to the Court what allegedly happened. Further, the Court observed that, while he is now incarcerated in an out-of-state facility, he offered no reason why he cannot use discovery to get the information and records he believes he needs to prove his claims.

A few weeks later, on November 29, 2021, Hawpetoss filed a second motion to appoint counsel. Dkt. No. 39. He states that he lacks an understanding of legal terminology, has limited legal knowledge, and is unfamiliar with court procedures. He also states that his institution is

frequently on lockdown, so he is often unable to access legal resources. Hawpetoss provides the names of several lawyers he contacted, none of whom agreed to represent him.

The Court will deny Hawpetoss' second request that the Court recruit a volunteer lawyer to represent him. Nearly all inmates lack familiarity with legal terminology and procedures, so that is insufficient on its own to warrant recruiting a lawyer to represent a pro se plaintiff. *See Bracey v. Grondin*, 712 F.3d 1012, 1018 (7th Cir. 2013). Instead, the Court must focus on whether a particular plaintiff has the capacity to research, learn, and understand terminology and procedures. Based on Hawpetoss' communications with the Court, the Court is satisfied that he has the capacity to perform these tasks on his own and therefore is able represent himself during this stage of the case. Hawpetoss also mentions that he has inconsistent access to legal resources. This challenge can be addressed by extending deadlines when needed. Should Hawpetoss believe he needs additional time to comply with a deadline, he may file a motion asking for more time. If he does so, he should explain why he needs more time and how much additional time he believes he needs.

On October 29, 2021, the Court entered an amended scheduling order setting deadlines for the completion of discovery and the filing of dispositive motions. During discovery, Hawpetoss may ask Defendants to provide him with information that he believes he needs to prove his claims. He may ask Defendants up to twenty-five written questions (called interrogatories in the Federal Rules) and he may ask them to give him documents that they have in their possession. *See* Fed. R. Civ. P. 33 and 34; Civil L.R. 33. Defendants may object to a request to the extent they believe the request is improper. If Hawpetoss does not agree with an objection, he should try to informally resolve the dispute with Defendants' lawyer. *See* Civil L.R. 37. Most parties are able to resolve discovery disputes without the Court's involvement. If he and Defendants' lawyer are unable to

resolve the dispute on their own, he may file a motion asking the Court to get involved. If Hawpetoss asks the Court to get involved, he must describe the discovery dispute in detail and explain what efforts the parties made to resolve the dispute before involving the Court. As a reminder, although Hawpetoss should direct his discovery requests to Defendants, he must mail the requests to their lawyer. If Hawpetoss encounters *new* challenges during discovery, he may renew his motion to appoint counsel. If he does so, he should describe what challenges he is facing and what efforts he has made to overcome them on his own.

Finally, on December 1, 2021, Defendants Eric Anderson and Justin Hoffman filed a motion to compel. Dkt. No. 40. They assert that they served Hawpetoss with discovery requests on August 9, 2021, and attempted to confer with him on November 1, 2021, but Hawpetoss has not responded. The Court will deny the motion. Anderson and Hoffman fail to acknowledge that this case was dismissed on August 16, 2021, about a week after they served their discovery requests. Further, when the Court reopened the case on September 29, 2021, it ordered that the parties may not begin discovery until after the Court entered a revised scheduling order. On October 29, 2021, the Court entered an amended scheduling order, which extended the parties' time to respond to discovery requests from thirty days to sixty days.

Anderson and Hoffman do not explain why the time for Hawpetoss to respond to their discovery requests continued to run despite this case being dismissed and the Court ordering that the parties could not begin discovery until after it entered an amended scheduling order. At best, their requests should be considered to have been re-served on October 29, 2021, the day the Court reopened discovery. Accordingly, Hawpetoss' responses are not due until December 28, 2020, sixty days after they were re-served. The Court will therefore deny Anderson and Hoffman's

3

motion to compel as premature.  The Court reminds the parties to continue to work together in good faith, recognizing the unique challenges Hawpetoss faces in litigating this case.

**IT IS THEREFORE ORDERED** that Hawpetoss' second motion to appoint counsel (Dkt. No. 39) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Defendants Anderson and Hoffman's motion to compel (Dkt. No. 40) is **DENIED**.

Dated at Milwaukee, Wisconsin on December 8, 2021.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge