UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

APTICKASIC HAWPETOSS,

                        Plaintiff,

v.                                                                    Case No. 21-cv-0320-bhl

ANTONIO ESCALANTE, et al.,

                        Defendants.

---

## DECISION AND ORDER

---

      Plaintiff Aptickasic Hawpetoss is representing himself in this 42 U.S.C. §1983 case. He is proceeding on Fourth Amendment claims based on assertions that Defendants used excessive force while arresting him. On November 1, 2021, Hawpetoss filed a motion to appoint counsel, which the Court denied without prejudice about a week later. Dkt. Nos. 36, 38. The Court explained that, while his claims are serious, they also are straightforward and will largely turn on his memory of what happened. The Court also noted that Hawpetoss' filings have been clear and easy to understand and that the allegations in his complaint are thorough, demonstrating he is able to remember and communicate to the Court what allegedly happened. Further, the Court observed that, while he is now incarcerated in an out-of-state facility, he offered no reason why he cannot use discovery to get the information and records he believes he needs to prove his claims.

      A few weeks later, Hawpetoss filed a second motion to appoint counsel, which the Court denied on December 8, 2021. Dkt. No. 39. The Court explained—again—that based on Hawpetoss' communications with the Court, the Court was satisfied that he has the capacity to represent himself during this stage of the case. The Court also noted that the other challenges Hawpetoss faces, such as limited library time and lockdowns, can be addressed by extending deadlines when needed.

      A month later, on January 7, 2021, Hawpetoss filed a third motion to appoint counsel. Dkt. No. 47. Hawpetoss repeats why he believes the Court should recruit a lawyer to represent him: He has limited legal experience, discovery is difficult because he is incarcerated, and he has limited

access to the law library, phones, and computers. The Court has already addressed why these challenges are insufficient to show that Hawpetoss is unable to represent himself through the briefing of summary judgment. The Court refers to Hawpetoss to its decisions denying his prior motions to appoint counsel. If *new* challenges arise that Hawpetoss cannot overcome on his own, he may renew his request.

Hawpetoss also filed a motion to compel. Dkt. No. 46. He asserts that Defendants have not responded to his first set of discovery requests. Hawpetoss explains that he served his requests via mail on November 29, 2021. The Court will deny his motion. As noted in the scheduling order, the Court extended the parties' time to respond to discovery requests from thirty days to sixty days. Dkt. No. 26 at 1, n. 1. Accordingly, Defendants' responses to Hawpetoss' requests are not due until January 28, 2022.

Finally, Hawpetoss filed six "Motion[s] for Subpoena Duces Tecum." Dkt. Nos. 48-53. It is not clear what relief Hawpetoss wants from the Court. A party may seek to compel a non-party to provide requested documents by serving that person with a subpoena. Fed. R. Civ. P. 45. A person wishing to issue a subpoena must ask the Clerk of Court to provide him with a subpoena form; the Clerk of Court will sign a blank subpoena form and deliver it to the requesting party. Fed. R. Civ. P. 45(a)(3). The requesting party must then complete the form and make arrangements and pay to serve the subpoena on the individuals from whom he wants to obtain the documents. Fed. R. Civ. P. 45(b).

The party seeking a subpoena (here, Hawpetoss) is responsible for paying the associated costs even if the Court has found that the party is indigent. *See Armstead v. MacMillian*, 58 Fed.Appx. 210, 213 (7th Cir. 2003) (unpublished) ("District courts do not have statutory authority to waive witness fees for indigent civil litigants . . . ."); *Nail v. Gutierrez*, Case No. 06-cv-292 , 2007 WL 425535 at *1 (N.D. Ind. Nov. 30, 2007) (unpublished) (". . .28 U.S.C. §1915 does not authorize the expenditure of public funds for deposition costs; indeed, that statute does not relieve a pro se prisoner proceeding in forma pauperis from paying any of his discovery costs") (citations omitted). Courts do not finance a party's discovery or place the financial burden of a party's discovery on non-party individuals or on the opposing party.

Given the associated costs and procedures, incarcerated plaintiffs rarely rely on subpoenas to collect the information they need to prosecute their cases. Instead, they rely on the discovery process by serving interrogatories and requests for production of documents. *See* Fed. R. Civ. P.

33 and 34. The Court encourages Hawpetoss to consider whether he can obtain the information he wants from the Defendants rather than from non-parties. In any event, there is no relief the Court can provide Hawpetoss in response to his "motions for duces tecum," so the Court will deny the motions.

**IT IS THEREFORE ORDERED** that Hawpetoss' third motion to appoint counsel (Dkt. No. 47) is **DENIED without prejudice**, and his motion to compel (Dkt. No. 46) and his motions for subpoena duces tecum (Dkt. Nos. 48-53) are **DENIED**.

Dated at Milwaukee, Wisconsin on January 14, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge