UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

APTICKASIC HAWPETOSS,

                 Plaintiff,

v.                                               Case No. 21-cv-0320-bhl

ANTONIO ESCALANTE, et al.,

                 Defendants.

---

## DECISION AND ORDER

---

Plaintiff Aptickasic Hawpetoss is representing himself in this 42 U.S.C. §1983 case. He is proceeding on a Fourth Amendment claim based on assertions that Defendants used excessive force while arresting him. On February 3, February 14, March 21, and March 28, 2022, Hawpetoss filed motions to compel Defendants to respond to his discovery requests.[1] Dkt. Nos. 57, 60, 80, 85. In his first two motions, Hawpetoss asserts that Defendants did not respond at all. In his third motion, he asserts that Defendants' "answers are incomplete and evasive and the full unedited police body cam footage of [his] arrest . . . is not in [his] possession to inspect or look at . . . ." Dkt. No. 80 at 1. In his fourth motion, which he signed on March 15, 2022, Hawpetoss asks the Court to sanction Defendants Antonio Escalante, Dionne Madosh, Meshan Hernandez, and Louis Moses, III, because their responses are more than sixty days late. Dkt. No. 85.

On March 11, 2022, four days before Hawpetoss signed his fourth motion to compel, Escalante, Madosh, Hernandez, and Moses responded to the first two motions, stating that they

---

[1] Hawpetoss captioned his March 21 filing as a "Petition for Writ of Mandamus," but the relief he seeks is an order compelling Defendants to respond to his discovery requests, so the Court will construe the filing as a motion to compel.

had served their responses to the discovery requests that day. Dkt No. 64. Counsel explained that he missed five weeks of work due to COVID issues with family members, which interfered with his ability to timely serve the responses. Dkt. No. 65 at ¶4. He does not state whether he informed Hawpetoss of his challenges. Counsel also notes that, contrary to Hawpetoss' assertions, he did *not* contact him about the discovery issues before he filed his motion. *Id.* at ¶3.

On March 24, 2022, Defendants Eric Anderson and Deputy Fernandez, the latter of whom counsel represents is actually Justin Hoffman, responded to Hawpetoss' third motion to compel. They explain that they timely responded to Hawpetoss' discovery requests on January 20, 2022. On February 14, 2022, Anderson and Hoffman's counsel received a letter from Hawpetoss stating that his institution had not delivered the discovery responses. Counsel responded and instructed Hawpetoss to contact his institution about the missing mail. After receiving a second letter from Hawpetoss, counsel remailed Anderson and Hoffman's responses to Hawpetoss on March 9, 2022. Counsel explains that when she remailed Anderson and Hoffman's responses, she did not include the flashdrive with body cam footage (which she had included in the original mailing) because the institution had advised her that it does not permit inmates to accept mail with flashdrives. Counsel represents that she asked Hawpetoss to advise how to send him the video footage, but he has yet to respond.

The Court will deny Hawpetoss' motions to compel because Defendants have confirmed they have in fact responded to his discovery requests, albeit late. If Hawpetoss still has not received any of the responses, he should contact his institution about the missing mail. If he encounters additional challenges, he should contact counsel for Escalante, Madosh, Hernandez, and Moses to request that counsel resend the responses. The Court reminds counsel for Escalante, Madosh, Hernandez, and Moses that, while it is not unusual to require additional time to respond

to discovery requests, it is his responsibility to ask Hawpetoss for an extension of the response deadline and to keep Hawpetoss informed of any new challenges or delays. It appears that counsel previously failed to do so, and if he had, it is likely that the Court and the parties could have avoided wasting time and resources on unnecessary motion practice. Because there was good cause for the delay and because Hawpetoss has suffered only inconvenience and not prejudice, sanctions are not warranted. However, future failures to respond to Hawpetoss or comply with response deadlines may result in sanctions.

Hawpetoss' representation that Defendants' responses are incomplete and evasive is not properly before the Court. Now that Defendants' have responded to the discovery requests, Hawpetoss must contact opposing counsel to discuss why he believes Defendants' responses are inadequate. He must be specific about his concerns, and he must wait for counsel's response before involving the Court. The Court reminds him that his disagreement with a response does not mean a response is incomplete or evasive. Counsel should be responsive to Hawpetoss' communications and take into account that he is pro se and has limited experience with the law. Defendants should update or supplement their responses where appropriate. If the parties are unable to reach an agreement, Hawpetoss may renew his motion. If he does so, he must include the request, Defendants' response, and an explanation of why he believes the response is inadequate. Vague and conclusory assertions that a response is "evasive" or "incomplete" will be insufficient. Hawpetoss should avoid filing multiple motions requesting the same relief. Doing so only delays resolution of the motions.

Next, while the Court acknowledges Anderson and Hoffman's counsel's initial attempt to provide Hawpetoss with the flashdrive containing bodycam footage, it encourages counsel to contact Hawpetoss' institution to arrange for him to view the video rather than placing the burden

3

on him to figure out how to receive the video. Counsel previously represented that, despite multiple efforts, she was having difficulty getting anyone at Hawpetoss' institution to respond to her inquiries. *See* Dkt. No. 72 at ¶2. The Court suspects it may be even more difficult for Hawpetoss to get answers. Counsel and Hawpetoss should keep each other informed of their efforts and any answers they get from the institution. Discovery closes on April 29, 2022, and Hawpetoss is set to be released a few weeks later. If the parties are unable to arrange for Hawpetoss to view the video before the close of discovery, Hawpetoss may request an extension of the discovery deadline, and Defendants may deliver the video to him after he is released.

On February 3 and March 21, 2022, Hawpetoss filed motions for temporary restraining orders. Dkt. Nos. 58, 81. He asserts that he and his family have received death threats and that Defendants "along with the street gang they belong to have made attempts to harm [him] along with threats of violence against [him] in the Menominee Tribal Jail, FDC Miami, and Brown County Jail." Dkt No. 58. Defendants Escalante, Madosh, Hernandez, and Moses have filed declarations under penalty of perjury that they have never threatened or asked someone else to threaten Hawpetoss or his family members. *See* Dkt. Nos. 67-70. Hawpetoss provides no evidence to support his accusations or rebut Defendants' assertions.

Temporary restraining orders and preliminary injunctions are extraordinary and drastic remedies that "should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (citations omitted). As an initial matter, a moving party seeking such relief "must show (1) some likelihood of success on the merits; (2) an inadequate remedy at law; and (3) that irreparable harm is likely if the relief is not granted." *Tranchita v. Callahan*, 511 F. Supp. 3d 850, 864 (N.D. Ill. 2021) (citing *Winter v. Nat.*

*Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). If the moving party fails to satisfy any of these threshold requirements, the motion for preliminary relief must be denied.

The Court will deny Hawpetoss' motions because he fails to show a likelihood of success on the merits. Hawpetoss has presented no evidence supporting his serious accusations against Defendants. Without supporting evidence, Hawpetoss' belief and vague allegations that Defendants are threatening him and his family are insufficient to carry his burden, so his motions will be denied.

Finally, on March 28, 2022, Hawpetoss filed a motion for summary judgment. Dkt. No. 86. Civil L. R. 56(b)(1) describes the briefing requirements for summary judgment motions. Along with each motion, the moving party must file a memorandum of law, a statement setting forth any material facts to which all parties have stipulated, a statement of proposed material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law, and any affidavits, declarations, and other materials referred to in Fed. R. Civ. P. 56(c). Civil L. R. 56(b)(9) warns that "Failure to comply with the requirements in this rule may result in sanctions up to and including the Court denying . . . the motion." Hawpetoss' motion fails to comply with the briefing requirements of Civil L. R. 56(b)(1), so the Court will deny his motion without prejudice.

Hawpetoss' motion is also premature. Discovery is still open, and so Defendants have not yet had a full opportunity to gather evidence to defend against Hawpetoss' claims. Hawpetoss may refile his motion, in compliance with Civil L. R. 56(b)(1), *after* discovery closes on April 29, 2022. Finally, the Court reminds Hawpetoss that he is not required to file a summary judgment motion. Because the plaintiff has the burden of proof at trial, it is generally the defendant who moves for summary judgment on the ground that the plaintiff lacks evidence to meet that burden.

5

If Defendants file a summary judgment motion, the case will survive and proceed to trial if Hawpetoss is able to demonstrate in his response materials that there is a dispute of material fact. Hawpetoss has personal knowledge of the material facts of his case, so he should be able to identify which facts asserted by Defendants are in dispute and place them before the Court in the form of an unsworn declaration under penalty of perjury. *See* 28 U.S.C. §1746. If neither party files a summary judgment motion, the case will proceed to trial.

**IT IS THEREFORE ORDERED** that Hawpetoss' motions to compel (Dkt. Nos. 57, 60, 80, 85) and his motions for a temporary restraining order (Dkt. No. 58, 81) are **DENIED**.

**IT IS FURTHER ORDERED** that Hawpetoss' motion for summary judgment (Dkt. No. 86) is **DENIED without prejudice.**

Dated at Milwaukee, Wisconsin on March 30, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge